IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RICHARD STALLSMITH,                )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )   Case No. 18-03258-CV-S-ODS
                                   )
ANDREW M. SAUL,                    )
Commissioner of Social Security,   )
                                   )
        Defendant.                 )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability insurance benefits and supplemental security income. For the following reasons, the Commissioner's decision is affirmed.

## I.   STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination of whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; it is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1965, has a high school education with additional training at a truck driving school, and has not worked in any capacity since at least October 19, 2015. R. at 13, 21, 285. Plaintiff reported that on October 19, 2015, he witnessed an accident in which a man was run over by a vehicle. R. at 349. Plaintiff attempted to help the victim and the person "died in his arms." *Id.* On November 12, 2015, Plaintiff applied for disability insurance benefits and supplemental security income, alleging a disability onset date of October 19, 2015. R. at 259-67. Both applications were denied, and he requested a hearing before an administrative law judge ("ALJ"). R. at 11. After the hearing, ALJ Victor Horton issued his decision, finding Plaintiff suffered from the following severe impairments: anxiety disorder, depression, and post-traumatic stress disorder ("PTSD"). R. at 14. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can maintain concentration and attention for two hour segments over an eight-hour period (workday); respond appropriately to supervisors and coworkers in a task oriented setting, where contact with others, including the public, is infrequent; perform repetitive work according to set procedures, sequence, or pace; and can understand, remember, and carry out simple instructions, non-detailed tasks, further defined as SVP 2 work and below.

R. at 16. Based upon the record, the RFC, Plaintiff's testimony, and the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff had not been under a disability from October 19, 2015 through the date of the ALJ's decision, December 4, 2017. R. at 16-22. Plaintiff appealed the decision to the Appeals Council, which denied his appeal in June 2018. R. at 1-5. Plaintiff now appeals to this Court.

## III. DISCUSSION

Plaintiff argues the RFC formulated by the ALJ is unsupported by the record. Specifically, Plaintiff contends the ALJ erred in the weight given to the opinion of Plaintiff's treating psychologist, Dr. Adams. Doc. #7. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations."

*McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Because Plaintiff's RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 f.3d 926, 932 (8th Cir. 2016) (citation omitted). "However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* (citations omitted).

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). The ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

The ALJ afforded little weight to the opinion of Plaintiff's treating psychologist, Dr. Adams. R. at 19. Dr. Adams started treating Plaintiff in April 2016 and continued treating him on at least twenty-four occasions through June 2017. R. at 357-71. On June 1, 2017, Dr. Adams completed a mental medical source statement indicating Plaintiff had PTSD, did not experience side effects from his medication, would miss work four days per month, and would be off task twenty-five percent or more of the time from symptoms that would interfere with attention needed to perform even simple tasks. R. at 373-74. The ALJ found Dr. Adams' opinion was not supported by the record as a whole, as well as his own treatment notes indicating Plaintiff had appropriate concentration. R. at 19.

The ALJ discussed Plaintiff's performance at his consultative examination with Dr. Forsyth as additional evidence inconsistent with Dr. Adams' opinion. R. at 18-19. Dr. Forsyth found Plaintiff did not show significant indications of deficiency in concentration, persistence, or pace; he could sustain concentration and persistence in tasks adequately; he could understand and remember complex instructions; and he could adequately interact socially and adapt to his environment. R. at 18, 348-50. During Plaintiff's consultative examination, he recalled three of three items after a five-minute delay, he repeated seven digits forward and four digits backwards, and he successfully counted to forty by threes with only one error. R. at 19, 348-50.

The ALJ also discussed additional examination findings from treating sources, including physicians who treated Plaintiff's non-psychological conditions. R. at 18.

3

Treatment notes indicate Plaintiff, who had stopped driving in October 2015, began driving again, both with and without his spouse. R. at 357, 361, 363, 368. Plaintiff was found to be alert and fully oriented with a normal mood and affect. R. at 17-18, 398, 401, 405, 435, 448, 463, 467, 473, 477, 482, 492. The records also demonstrate Plaintiff had appropriate concentration, judgment, and insight. R. at 17, 435, 492. Additionally, Plaintiff was pleasant and cooperative (R. at 17, 359-71, 448, 458, 467, 473, 482), he had improved energy and less depression (R. at 446, 467, 476), and his nightmares decreased and anxiety improved with medication (R. at 17, 363).

The ALJ also considered Plaintiff's daily activities in determining the RFC. R. at 19. Plaintiff reported that he fed the dogs, folded laundry, and vacuumed. R. at 19, 304-05. He testified that his therapist makes him drive a little bit. R. at 176. He stated that he went fishing with his son a couple weeks before his hearing before the ALJ. R. at 19, 177. The ALJ also relied on treatment notes indicating Plaintiff took care of his three and five-year-old grandchildren. R. at 19, 367.

The ALJ properly discounted Dr. Adams' opinion because the limitations he set forth were not consistent with his treatment records, the observations and examination findings of other physicians, and Plaintiff's daily activities. *See Cline*, 771 F.3d at 1104; *see also Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009) (noting "[i]t is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes."). The Court finds the ALJ properly weighed Dr. Adams' opinion and the RFC is supported by substantial evidence in the record.

## IV.    CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

DATE: June 19, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT